IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| Joseph S. Ruffino, | ) | |
|---|---|---|
| | ) | Case No. 13 C 50124 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Bank of America, N.A., et al. | ) | |
| | ) | Judge Philip G. Reinhard |
| Defendants. | ) | |
| | ) | |

**ORDER**

     For the reasons below, defendant's motion to dismiss plaintiff's amended complaint [23] is granted. Because the court finds amendment futile, the case is dismissed with prejudice.

**STATEMENT - OPINION**

     *Pro se* plaintiff, Joseph Salvatore Ruffino, brings this action via an amended complaint, against defendant Bank of American, N.A. ("Bank of America") alleging various federal and state law causes of action stemming from the foreclosure on plaintiff's residence. While the specific causes of action are not entirely clear, it appears that plaintiff alleges Bank of America is liable under the Real Estate Settlement Procedures Act, ("RESPA") 12 U.S.C. § 2601 *et seq.*, the Truth in Lending Act, ("TILA") 15 U.S.C. § 1641 *et seq.*, Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692 *et seq.*, the Illinois Civil Procedure Act, 735 ILCS § 5 *et seq.*, the Illinois Conveyances Act, 765 ILCS § 5 *et seq.*, the Illinois Securities Law of 1935, 815 ILCS § 5 *et seq.*, and Illinois' Consumer Fraud and Deceptive Practices Act, ("ICFA") 815 ILCS § 505 et *seq.* *See* Amend. Compl. ¶ 7. The crux of the amended complaint is that Bank of America improperly initiated foreclosure proceedings in state court on plaintiff's residence by making "false statements and false representations." *Id.* ¶ 10. As a result, plaintiff contends the resulting state foreclosure judgment is "void." [29] at 1. The relevant facts concerning the foreclosure action are as follows.
     On August 15, 2007, lender GN Mortgage, LLC ("GN") loaned plaintiff $193,900.00 to purchase real estate at 8803 Alden Road in Wonder Lake, Illinois (the "property"). In exchange for the money, plaintiff executed a promissory note to GN and its successors and granted a mortgage lien on the property to the Mortgage Electronic Registration Systems, Inc. ("MERS") as a nominee for GN and GN's successors and assigns. The promissory note provided a 7.5%

1

interest rate on the principal amount of the loan and stated that plaintiff agreed to make monthly payments in the amount of $1,355.78. *See* [24-1].[1]

In August 2010, plaintiff defaulted on his mortgage payments. A few months later, MERS (as GN's nominee) assigned plaintiff's mortgage to Bank of America. The assignment was recorded in McHenry County on December 1, 2010. Around this time, Bank of America filed a foreclosure action against plaintiff in the Circuit Court of McHenry County. Ultimately, the court entered judgment in favor of Bank of America on November 21, 2011 for the foreclosure and sale of the property. The court confirmed the sale on September 24, 2012.

On April 5, 2013, plaintiff filed suit in this court. [1]. After being served, Bank of America moved to dismiss. [12]. In response to the motion, plaintiff sought leave to amend his complaint, which the court granted. [19]. In his amended complaint, plaintiff contends the state court foreclosure judgment is void because of Bank of America's false representations. He alleges that Bank of America is not (and was never) the "true holder[]" of his mortgage and therefore did not have a right to initiate the foreclosure proceedings against plaintiff. According to plaintiff, Bank of America's actions amount to violations of TILA, FDCPA, RESPA, and various Illinois statutes. *See* Amend. Compl. ¶ 7.

Bank of America responded to the amended complaint with the instant motion to dismiss, arguing that the complaint fails to state a claim. Bank of America contends that the doctrines of *res judicata* and issue preclusion prevent many of plaintiff's claims from proceeding. It further argues that plaintiff's claim under TILA is time-barred and his claim under the RESPA is not sufficiently pled. *See* [24].

"To survive a motion to dismiss under Rule 12 (b)(6), the complaint must state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Yeftich v. Navistar*, 722 F.3d 911, 915 (7th Cir. 2013) (internal quotation marks and citations omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks and citations omitted). In cases such as these, the inference of liability is only "speculative." *Id.*

Prior to addressing whether the amended complaint states a valid claim under Rule 12(b)(6), the court finds it necessary to address the jurisdictional issues that coincide with this action. While Bank of America has not moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction), it has raised the procedural bar of the prior state court foreclosure action. It is well established that the court is permitted to *sua sponte* dismiss any actions or claims for which jurisdiction is lacking. *See Hay v. Indiana State Bd. of*

---

[1]The court is cognizant of the fact that at the motion to dismiss stage the courts are generally confined to the four corners of the pleadings and are not permitted to reference materials outside the pleadings to determine if dismissal is appropriate. However, because in this case the mortgage, note, and state foreclosure proceedings are referred to in the complaint and are central to plaintiff's claims, the court is permitted to review these materials without converting the motion to a motion for summary judgment. *See Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998).

*Tax Comm'rs,* 312 F.3d 876, 879 (7th Cir. 2002) (stating that "not only may the federal courts police subject matter jurisdiction *sua sponte,* they must.").

Having reviewed the amended complaint, it is apparent that plaintiff seeks relief from an injury caused by the state court's foreclosure judgment. Because of this, the court finds the application of the *Rooker-Feldman* doctrine appropriate here. *Rooker-Feldman* limits this court's jurisdiction regarding claims "brought by state-court losers complaining of injuries caused by state-court judgments . . . [.]" *Exxon Mobile Corp. V. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine prevents a district court from reversing or modifying a state court judgment even if the "judgment might be erroneous or even unconstitutional." *Gilbert v. Ill. State Bd. Of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010). However, there are limits as to how far the *Rooker-Feldman* doctrine reaches. "Claims that directly seek to set aside a state court judgment are de facto appeals and are barred without additional inquiry." *Taylor v. Fed. Nat. Mortgage Ass'n*, 374 F.3d 529, 532-33 (7th Cir. 2004). On the other hand, claims that are independent of state court proceedings and are not "inextricably intertwined" with a state court judgment are within a district court's jurisdiction. *Id.* Moreover, if a court determines a claim is "inextricably intertwined," that does not end the inquiry. The Seventh Circuit instructs courts to then determine whether the plaintiff had a "reasonable opportunity to raise the issue in the state court proceedings." *Id.* If he did, the claim is barred. If, however, the plaintiff claims he did not have a reasonable opportunity and "point[s] to some factor independent of the actions of the opposing party that precluded the [plaintiff] from raising [his] [] claims[,]" *Rooker-Feldman* does not apply. *Id.* (citing *Long v. Shorebank Development Corp.*, 182 F.3d 548, 558 (7th Cir. 1999)).

After reviewing the amended complaint, the court finds all of plaintiff's state law claims (with the exception of the claim under ICFA) attempt to attack the validity of the underlying mortgage note or the foreclosure action. These claims are "inextricably intertwined" with the state court foreclosure action and plaintiff fails to argue that he was somehow prevented from raising these issues in the state court proceedings. As a result, this court lacks jurisdiction and dismissal is warranted. Thus, plaintiff's state law claims under the Illinois Civil Procedure Act, the Illinois Conveyances Act, and the Illinois Securities Law are dismissed for lack of subject matter jurisdiction.

Plaintiff's federal claims and his claim under the ICFA are a closer call with respect to the *Rooker-Feldman* doctrine. While some district courts have found these claims inextricably intertwined with a state court foreclosure judgment (*see e.g.*, *Byrd v. Homecomings Financial Network*, 407 F. Supp. 2d 937 (N.D. Ill. 2005)), others have found them independent of a state court foreclosure actions. *See e.g.*, *Hochstetler v. Federal Home Loan Mortg. Corp.*, No. 12-CV-772-JVB, 2013 WL 3756502 (N.D. In. July 16, 2013). Because in this case plaintiff seems to allege Bank of America violated the FDCPA, TILA, RESPA, and the ICFA before the state court judgment was final, the court will give plaintiff the benefit of the doubt, and assume that the claims are independent of the state court judgment.

Even with this assumption, the claims fail under Rule 12(b)(6). First, plaintiff's claim under TILA is barred by the one-year statute of limitations. *See* 15 U.S.C. § 1640(e) (any claim or damages under TILA must be brought "within one year from the date of the occurrence of the violation."). It is well established that the one-year statute of limitations begins when a borrower enters into a loan agreement with a creditor. *See Haymer v. Countywide Bank, FSB*, No. 10-C-

5910, 2011 WL 2790172 at *6-7 (N.D. Ill. July 15, 2011) (noting that "[a] transaction is consummated on the date the loan is closed."). Plaintiff entered into his loan agreement on August 15, 2007. *See* [24-1]. He did not file this action until April 5, 2013. [1]. This is nearly four years too late, and thus any claim under TILA is time barred.

Plaintiff's claim under RESPA also fails. "RESPA is a consumer protection statute that regulates the real estate settlement process, including servicing of loans and assignment of those loans." *Catalan v. GMAC Mortgage Corp.*, 629 F.3d 676, 680 (7th Cir. 2011) (citing 12 U.S.C. § 2601 (Congressional findings)). It imposes a number of duties on lenders and loan services. Relevant here is the requirement that borrowers receive notice by both transferor and the transferee when their loan is assigned or transferred to a new servicer. *See* 12 U.S.C. § 2605(b) and (c). In his amended complaint, plaintiff fails to specify what subsection of RESPA Bank of America is liable under. Instead, he alleges that Bank of America is liable because it "made false statements and false representations . . ." when it initiated the foreclosure proceedings on plaintiff's property. Amend. Compl. ¶ 10.

Setting aside the fact that these allegations clearly do not meet the plausibility standard set forth in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) and its progeny, the claim is also precluded under the doctrine of *res judicata* or claim preclusion. "Under the Illinois law of claim preclusion, a party may not relitigate the same claims that were or could have been brought in an earlier lawsuit between the same parties or their privies that resulted in a final judgment on the merits." *Stanley v. Hollingsworth*, 307 F. App'x 6, 9 (7th Cir. 2009). When determining whether *res judicata* applies the Illinois courts employ a "transactional test." *Garcia v. Village of Mt. Prospect*, 360 F.3d 630, 637 (7th Cir. 2004) (citing *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 891 (Ill. 1998)). This test provides that "different kinds or theories of relief still constitute[] a single cause of action for the purposes of *res judicata* if a single group of operative facts gives rise to the assertion of relief." *Id.*

Here, the state law proceedings culminated with a final foreclosure judgment[2] and a subsequent court approved foreclosure sale, and plaintiff and Bank of America were both parties the action. *See* [24-1] at 65; *see also EMC Mortg. Corp. v. Kemp*, 982 N.E.2d 152, 154 (Ill. 2012) (judgment of foreclosure is final when the trial court enters an order approving the sale). Thus, the first two elements of *res judicata* are clearly satisfied. The only factual allegations plaintiff provides pertaining to this claim are the alleged false representations Bank of America made when

---

[2]While plaintiff contends that the doctrine of *res judicata* is inapplicable because the state court lacked jurisdiction and the judgment is therefore "void", this argument is without merit. The Seventh Circuit has held that a state court litigant who labels a state court judgment as "void" can only circumvent the *Rooker-Feldman* doctrine and *res judicata* in bankruptcy cases. *See Schmitt v. Schmitt*, 324 F.3d 484, 487 (7th Cir. 2003) (holding that a plaintiff could not usurp *Rooker-Feldman* by labeling a state court judgment void or declaring that the court lacked jurisdiction because the state courts are "competent to determine their own jurisdiction boundaries . . . and there is no need for federal courts to intervene.").

it initiated the foreclosure proceedings.  These are clearly facts which give rise to the state court foreclosure proceedings.  Thus, plaintiff's RESPA claim is precluded under *res judicata*.  *See Byrd*, 407 F. Supp. 2d. at 943 (dismissing a RESPA claim because the plaintiff "had a reasonable opportunity to raise her claim[] in the state court proceedings because state and federal courts have concurrent jurisdiction over RESPA, TILA, and FDCPA.").

      Plaintiff's claim under the FDCPA cannot stand either.  In addition to the fact that plaintiff again fails to satisfy the federal pleading standards under Federal Rule of Civil Procedure 8, the claim is also barred under *res judicata*.  Plaintiff merely asserts that Bank of America is liable under the FDCPA because it failed to perform "requisite acts" to proceed with the foreclosure proceedings and made "false representations."  Amend. Comp. ¶ 10.  These are facts which give rise to the foreclosure proceedings and are arguments plaintiff could have raised in the state court proceedings.  Therefore, plaintiff's claim under the FDCPA is barred under the doctrine of *res judicata*.  *See Byrd*, 407 F. Supp. 2d at 943.

      Plaintiff's state law claim under the ICFA fails for the same reasons.  The ICFA protects consumers against "unfair or deceptive acts or practices," including "fraud," and the "misrepresentation or the concealment, suppression or omission of any material fact."  815 ILCS 505/2.  In addition to the fact that plaintiff's allegations fall short of pleading the "who, what when, where and how," of Bank of America's alleged deception or fraud, the ICFA claim also fails under *res judicata*.  *See Freedom Mortgage Corp. v. Burnham Mortgage, Inc.*, 720 F. Supp. 2d 978, 1003-04 (N.D. Ill. 2010) (stating that claims under the ICFA assert fraud or fraudulent practices and therefore must be plead with particularity).  Plaintiff states that Bank of America violated the ICFA by "attempt[ing] to foreclose against [p]laintiff [sic] . . . before performing the requisite acts that would've enabled them [sic] to do so."  Amend. Compl. ¶ 10.  Even if this allegation satisfied the federal pleading standards, it is apparent that this claim is again one that plaintiff could have raised in the state court foreclosure action and is thus precluded under the doctrine of *res judicata*.

      Accordingly, plaintiff's amended complaint fails as a matter of law and Bank of America's motion to dismiss [23] is granted.  Because all of plaintiff's claims are barred by either the *Rooker-Feldman* doctrine, the doctrine of *res judicata*, or the relevant statute of limitations, amendment is futile and the cause is dismissed with prejudice.

Date: 10/03/2013                                                   ENTER:

                                                                                   *Philip G. Reinhard*

                                                        United States District Court Judge

Notices mailed by Judicial Staff.

(LC)